**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY LYNN HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 02-CV-0320-CVE-SAJ |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and supporting brief (Dkt. ## 1, 2). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2000-150. Respondent has filed a response (Dkt. # 6) to the petition. Petitioner has filed a reply (Dkt. # 8) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

## *BACKGROUND*

On April 25, 2000, Petitioner, represented by attorney Carlye Jimerson, entered a plea of no contest to one count of Injury to Minor Child in Tulsa County District Court, Case No. CF-2000-150. The state district court found Petitioner guilty. On June 9, 2000, Petitioner appeared for sentencing with his attorney Carlye Jimerson. Attorney Caesar Latimer entered a special appearance to file a motion to withdraw Petitioner's plea. The trial court denied the motion to withdraw plea and Petitioner was sentenced to five (5) years imprisonment. He was also assessed a fine of $1,000 plus court costs and a $250 Victim's Compensation Fund assessment. See Dkt. # 7, Original Record ("O.R.") at 93-94.

According to the records supplied by the parties, Petitioner attempted to obtain relief on his conviction and sentence as follows:

On June 10, 2000, Petitioner, through his attorney Carlye Jimerson, filed a notice of intent to appeal (Dkt. # 7, O.R. at 64). Attorney Jimerson was subsequently allowed to withdraw as counsel for Petitioner, and the Oklahoma Indigent Defense System ("OIDS") was appointed as counsel for Petitioner's appeal. Id. at 72.

On June 30, 2000, Petitioner filed a motion to reconsider the trial court's order denying his motion to withdraw plea (Dkt. # 7, O.R. at 87). A hearing was held August 18, 2000, at which time the trial court denied the motion (Dkt. # 7, Trans. dated 8-18-00 at 47). Petitioner was represented by attorney Caesar Latimer for these proceedings.

Petitioner filed two separate *certiorari* appeals to the Oklahoma Court of Criminal Appeals ("OCCA") challenging the denials of his application to withdraw plea and motion to reconsider. The OCCA consolidated the appeals and denied *certiorari* by summary opinion filed March 21, 2001. See Dkt. # 6, Ex. B. The only proposition of error raised by Petitioner was that he should be allowed to withdraw his plea because it was the result of ignorance, inadvertence and mistake and was not knowingly, intelligently and voluntarily entered (Dkt. # 6, Ex. A at 4). The OCCA specifically found that Petitioner's plea was entered knowingly and voluntarily (Dkt. # 6, Ex. B at 2). Petitioner was represented by an OIDS attorney in the *certiorari* appeals.

Petitioner filed a *pro se* application for post-conviction relief in the trial court, asserting that (1) appellate counsel provided ineffective assistance in failing to raise claims of ineffective assistance of trial counsel, and (2) he was denied a fair trial and appeal as a result of the cumulative effect of all the errors committed by trial and appellate counsel. See Dkt. # 6, Ex. C. The trial court denied the

requested relief on November 2, 2001, and Petitioner appealed to the OCCA. Id. On January 25, 2002, the OCCA affirmed the denial of post-conviction relief (Dkt. # 6, Ex. D). The OCCA found that Petitioner's claim of ineffective assistance of trial counsel was waived as it could have been raised on direct appeal (Id. at 2). The OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel on the merits (Id. at 3).

Petitioner filed his federal habeas corpus petition on April 24, 2002 (Dkt. # 1), asserting three (3) allegations of error:

Ground 1: Petitioner should be allowed to withdraw his plea which was the result of ignorance, inadvertence, and mistake, and was not knowingly, intelligently, and voluntarily waived.

Ground 2: Petitioner's 6th Amendment right was violated when he received ineffective assistance of appellate counsel.

Ground 3: Petitioner's 6th Amendment right by the cumulative (sic) of all the errors committed by trial counsel and appellate counsel and if not for these errors, the outcome of Petitioner's trial and appeal might very well have been different.

See Dkt. ## 1, 2. In response to the claims asserted in the petition, Respondent argues that Petitioner's claims lack merit and habeas corpus relief should be denied (Dkt. # 6).

*ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on *certiorari* or post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated a claim on the merits, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the state district court and the OCCA adjudicated Petitioner's claim of ineffective assistance of appellate counsel in post-conviction proceedings. Therefore, that claim shall be reviewed pursuant to § 2254(d). In addition, the Court will apply § 2254(d) to Petitioner's claim concerning his allegedly involuntary plea of no contest as adjudicated by the OCCA in Petitioner's *certiorari* appeals.

*1. Involuntary plea of no contest*

As his first proposition of error, Petitioner complains that he should have been allowed to withdraw his no contest plea because it was the result of ignorance, inadvertence, and mistake and was not knowingly, intelligently and voluntarily entered. The OCCA rejected this claim in its summary opinion denying *certiorari*, finding that "Petitioner's plea was entered into knowingly and voluntarily" and the "trial court did not abuse its discretion in denying Petitioner's request to withdraw his plea." See Dkt. # 6, Ex. B at 2.

The Court finds that Petitioner has failed to demonstrate that his no contest plea was accompanied by any error of constitutional magnitude. Petitioner's allegations are not supported by the record. During Petitioner's arraignment on March 29, 2000, the trial court was advised that Petitioner intended to waive his right to a jury trial and would be entering a blind plea (Dkt. # 7, Trans. dated 3-29-00 at 25-26). In response to the trial judge's questions, Petitioner testified that no promises had been made to him regarding sentencing, that he had not been threatened or pressured to give up his rights to a jury trial or non-jury trial, and that he wanted to waive his rights to a trial. Id. at 27-28. The judge also said, "Now sir, I don't know what's going to happen in this case but I certainly do know that if I accept your waiver of your rights to trial by jury as well as nonjury trial, you don't get a second chance. You understand what I'm saying?" Petitioner responded, "Yes, sir." See id. at 27.

On April 25, 2000, Petitioner entered his plea of no contest (Dkt. # 7, Trans. dated 4-25-00 at 5). Prior to accepting the plea the trial judge asked Petitioner if he read and understood English, if he had read the charge against him word for word, if he understood each and every question on the "Findings of Fact - Acceptance of Plea" form, if he understood the range of possible punishment, if he understood his rights to a jury trial as well as a non-jury trial, if he understood that if he was found guilty it could increase punishment on future charges, and if he had discussed the case with his lawyer and had told her everything he knew including any defenses he might have. Petitioner answered "yes" to all of these questions. Further, when asked if he believed that his lawyer had helped him and if he was satisfied with her advice, Petitioner responded, "Yes, sir." See id. at 4-5. Based on Petitioner's responses, the trial court judge accepted the plea of no contest, after finding that a factual basis for the plea existed, and made a finding of guilt. Id. at 6.

5

At the June 9, 2000, sentencing hearing the judge first heard arguments on Petitioner's motion to withdraw his plea. See Dkt. # 7, Trans. dated 6-9-00 at 3-7. In support of his motion, Petitioner testified that he had changed his mind about his plea. Id. at 13-15. When asked by the trial judge if he had stated at the sentencing hearing that no one had forced, pressured or threatened him to give up his rights to a jury as well as nonjury trial and had done so freely and voluntarily, Petitioner answered, "Yes." See id. at 13. In denying the motion to withdraw, the trial judge stated:

> In this case, sir, not only did you have the benefit of a lawyer that you told me you were satisfied with, but also had the benefit of filling out a Findings of Fact-Acceptance of Plea form, and sir, even one step further, this Court had extensive conversations with you to make sure that you understood what you were doing.
>
> It is absolutely clear to me, sir, that what has occurred here is that you simply changed your mind from talking to additional people and that, sir, is not a basis to be able to withdraw your plea and grant your request for your jury trial back. Your request will be denied.

Id. at 16-17. The OCCA affirmed the district court's denial of Petitioner's request to change his plea, stating:

> Petitioner raises one proposition of error in support of his Petition for Writ of Certiorari. He claims he should be allowed to withdraw his plea which was the result of ignorance, inadvertence, and mistake, and was not knowingly, intelligently, and voluntarily entered.
>
> After thoroughly considering this proposition, all arguments raised under it, and the entire record before us, including the original record, transcripts, and briefs of the parties, we have determined certiorari should not be granted. We find Petitioner's plea was entered into knowingly and voluntarily. *King v. State*, 1976 OK CR 121, ¶ 11, 553 P.2d 529, 534-36. The trial court did not abuse its discretion in denying Petitioner's request to withdraw his plea. *Berget v. State*, 1991 OK CR 121,¶ 28, 824 P.2d 364-372; *see also* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2000) ("No matter may be raised in the petition for writ of certiorari unless the same has been raised in the application to withdraw plea. . . .").

(Dkt. # 2, Ex. C).

6

Factual findings by a state court are entitled to a presumption of correctness which may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In this case, Petitioner has failed to provide clear and convincing evidence to rebut the presumption of correctness to be afforded the state district court's factual findings as cited above. Petitioner's change of mind after entry of his no contest plea does not negate the fact that the plea was voluntarily entered. The record demonstrates that the plea was entered knowingly and voluntarily and not through "ignorance, inadvertence, and mistake." In light of his own statements at the arraignment, plea hearing and sentencing proceedings, Petitioner's subsequent assertions do not establish that he did not knowingly and voluntarily plead no contest. The Court finds that the record contradicts Petitioner's challenge to the voluntariness of his plea. Habeas corpus relief on Ground One shall be denied. 28 U.S.C. § 2254(d), (e)(1).

*2. Ineffective assistance of appellate counsel*

As his second proposition of error, Petitioner alleges that he was denied the effective assistance of appellate counsel because she did not raise an issue of ineffective assistance of trial counsel. To prevail on such claim, Petitioner must show that his appellate counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Strickland, 466 U.S. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. To establish the prejudice prong of the Strickland test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Petitioner first raised his claim of ineffective assistance of appellate counsel in his state post-conviction proceedings. The trial court found Petitioner did not satisfy the first tier of the Strickland test and denied relief. See Dkt. # 2, Ex. D at 5. The OCCA affirmed the denial of relief on this issue, stating:

> In an order filed November 2, 2001, the Honorable Jesse Harris, District Judge, District Court of Tulsa County, denied Petitioner's application for post-conviction relief. Applying the proper standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692-692 (1984), Judge Harris found Petitioner's arguments fail to overcome the first tier of the *Strickland* test. Judge Harris found counsel is not required to advance every argument, regardless of merit, and Petitioner's allegations of error fail to establish the results of his direct appeal would have been changed. The trial judge also found appellate counsel raised for appellate review the voluntariness of Petitioner's plea. Judge Harris concluded Petitioner's appellate counsel was reasonably competent under the facts and circumstances of this case.

(Dkt. # 2, Ex. F at 2).

The Court will examine the omitted claim to determine if the state appellate court's rejection of the ineffective assistance of appellate counsel claim was an unreasonable application of Strickland. Specifically, Petitioner complains that his appellate counsel should have raised the issue that his trial counsel, Carlye Jimerson, (1) misled him about the circumstances and consequences of his plea, (2) led him to believe that he would receive a deferred sentence in return for his no contest plea, and (3) refused to file a motion to withdraw the no contest plea until after he was sentenced. See Dkt. # 2 at 9. However, Petitioner's complaint about his trial attorney is belied by the record. As noted in section B(1), above, Petitioner testified under oath that he understood his rights and the ramifications of his plea, that he had not been promised anything regarding his sentence, that he was not pressured,

8

threatened or forced to enter his plea, and that he was satisfied with his trial counsel. The transcripts of Petitioner's arraignment and plea hearing, held March 29, 2000, and April 25, 2000, reflect that Petitioner acknowledged the consequences of his entry of a blind no contest plea to the offense of Injury to a Minor Child. See Dkt. # 7, Trans. dated 3-29-00 and Trans. dated 4-25-00. Furthermore, at Petitioner's August 18, 2000, hearing on his request for reconsideration of his motion to withdraw his plea, at which time Petitioner was represented by Caesar Latimer, Petitioner once again advised the state trial judge that he had no complaints about attorney Carlye Jimerson. (Dkt. # 7, Trans. dated 8-18-00 at 7). Finally, the record contains the "Findings of Fact - Acceptance of Plea" form signed by Petitioner indicating his understanding of the plea and confirming that he was entering the plea of his own free will without any promises. See Dkt. # 7, O.R. at 90. The Court finds no merit to Petitioner's claim that trial counsel provided ineffective assistance by misleading him about the consequences of his plea, the sentence he might receive, or the time to file a motion to withdraw plea. Appellate counsel did not perform deficiently in failing to assert that claim on certiorari appeal. Having reviewed Petitioner's claims underlying his claim of ineffective assistance of appellate counsel, the Court finds that the state court's rejection of the claim was not an unreasonable application of the standard in Strickland. Petitioner is not entitled to habeas relief on his allegations of ineffective assistance of appellate counsel.

    *3. Cumulative effect of errors*

In his third proposition of error Petitioner seeks habeas corpus relief on the ground that the cumulative effect of all errors committed by trial counsel and appellate counsel deprived him of a fair trial and appeal. The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d

9

1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing U.S. v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's claims, the Court finds no basis for a cumulative error analysis. Petitioner is not entitled to relief on this ground.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 10th day of March, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT